UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

MAX ROMANCHUK,

                Plaintiff,

      - against -

AMX COOLING & HEATING, LLP,

                Defendant.

--------------------------------------------------------x

**07 CIV. 6343**

Case No.

COMPLAINT

**JUDGE CONNER**

S.D. OF N.Y. W.P.

2007 JUL 11 P 1:34

U.S. DISTRICT COURT FILED

**PLAINTIFF DEMANDS A TRIAL BY JURY**

      The plaintiff, Max Romanchuk ("Mr. Romanchuk"), by his attorneys, Westermann, Hamilton, Sheehy, Aydelott & Keenan, as and for his complaint against the defendant, AMX Cooling & Heating, LLP ("AMX"), alleges as follows:

### PRELIMINARY STATEMENT

      1.     Plaintiff Max Romanchuk born on June 10, 1936, was discharged by the defendant from his full time position because of his age and medical disability despite his excellent job performance record. Mr. Romanchuk's position was filled by a younger employee after his termination.

      2.     In addition, during several periods of Mr. Romanchuk's employment, Mr. Romanchuk consistently worked more than forty (40) hours per week, but the defendant failed to pay him the overtime wages to which he was entitled under the Fair Labor Standards Act and New York Labor Law.

1

## JURISDICTION AND VENUE

3.    Plaintiff Max Romanchuk, brings this action to recover damages caused by the defendant's violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et. seq., the New York State Human Rights Law, New York Executive Law §290 et. seq. ("NYSHRL"), and the New York Labor Law §190 et. seq.

4.    This Court has jurisdiction pursuant to 28 U.S.C. §§1331 and 1343. This Court has supplemental jurisdiction over plaintiff's related claims arising under state and local laws pursuant to 28 U.S.C. §1368(a).

5.    Venue lies in this judicial district pursuant to 28 U.S.C. §1391(b), as this action arose, in substantial part, within the Southern District of New York, where the unlawful employment practices alleged herein occurred and many of the records pertinent thereto are maintained.

## PARTIES

6.    Plaintiff, Max Romanchuk resides at 262 Willis Avenue, Hawthorne, New York 10532. Mr. Romanchuk worked for AMX Cooling and Heating, LLP from approximately September, 1989 until March 6, 2006, and was an eligible employee within the meaning of the FLSA, NYSHRL, and the New York Labor Law.

7.    Defendant, AMX Cooling and Heating, LLP is a domestic limited liability company under the laws of New York. AMX Cooling and Heating, LLP has an office located at 101 Castleton Street, Pleasantville, New York 10570. AMX Cooling and Heating, LLP employs between 80 and 90 employees within a 75 mile radius and is an "employer" as defined by the FLSA, NYSHRL, and the New York Labor Law.

2

## FACTUAL ALLEGATIONS

8.     On or about September 10, 1986, Mr. Romanchuk began working for the defendant.  During his time in the defendants employ, Mr. Romanchuk worked as a service technician.  Mr. Romanchuk was born on June 10, 1936.

## FLSA AND NEW YORK LABOR LAW ALLEGATIONS

9.     During the time period when Mr. Romanchuk was employed as a service technician for the defendant, he was subject to the overtime requirements of the FLSA and the New York Labor Law, and did not qualify for any exemptions from those requirements.

10.     Mr. Romanchuk received no overtime payments from 1989 through 2006. From 1989 to 2006 he regularly worked approximately 65 to 70 hours per week.

11.     The defendant did not provide overtime compensation for the hours worked over and above the 40 hour work week.

12.     Mr. Romanchuk was entitled to overtime compensation regardless of how his earnings were calculated.

13.     At no time did Mr. Romanchuk ever receive appropriate compensation for any overtime hours worked.

## AGE AND DISABILITY DISCRIMINATION ALLEGATIONS

14.     At the time Mr. Romanchuk's employment with AMX Cooling and Heating, LLP ceased, he held the position of service technician and worked approximately five days per week. Mr. Romanchuk's base salary was $24.00 per hour.

15.     Mr. Romanchuk was born on June 10, 1936.

3

16.    In approximately February of 2005 Mr. Romanchuk required heart surgery. He had a triple bypass and aortic valve replacement which was performed at the Westchester County Medical Center.

17.    Mr. Romanchuk was out of work approximately three months before returning to work in May of 2005.

18.    From May 2005 until March 2006 Mr. Romanchuk maintained a spotless employment record and Mr. Romanchuk worked without incident in performance of his duties.

19.    Mr. Romanchuk was 69 years of age in March 2006.

20.    Although Mr. Romanchuk was informed that he was being laid off due to a lack of business, his position was filled by a younger, non-disabled, employee.

## FIRST CLAIMS
## FEDERAL OVERTIME WAGES FLSA §207(a)(1)

21.    Mr. Romanchuk realleges and incorporates all the preceding paragraphs by reference.

22.    During September, 1986 through March of 2006, while Mr. Romanchuk was employed as a service technician, he regularly worked more than forty (40) hours per week.

23.    Defendant did not compensate Mr. Romanchuk at overtime rates required by Federal Law.

24.    Defendants willful and knowing and deliberate acts are in direct contravention of 29 U.S.C. §207(a)(1) and are actionable under 29 U.S.C. §216(b).

25.    As a result of the foregoing, Mr. Romanchuk has been injured and defendant has profited thereby, in an amount to be proven at trial.

4

## SECOND CLAIM
## STATE OVERTIME WAGES NY LABOR
## LAW §50, et seq. AND 12 NYCCRR §137

26.     Mr. Romanchuk realleges and incorporates all preceding paragraphs by reference.

27.     From September, 1986 through March of 2006, Mr. Romanchuk regularly worked more than forty (40) hours per week.

28.     Defendant did not compensate Mr. Romanchuk at overtime rates required by New York State Law for any hours he worked over a forty (40) hours per week.

29.     Defendant's knowing and deliberate acts are in direct contravention of New York Labor Law §650 et. seq. and 12 NYCCRR §137-1.3.

30.     Due to defendant's New York Labor Law violations, Mr. Romanchuk is entitled to recover from defendant his unpaid wages, damages from unreasonably delayed payment of wages, attorney's fees and costs of the action pursuant to New York Labor Law §663(1).

## THIRD CLAIM FOR AGE DISCRIMINATION UNDER NYHRL

31.     Mr. Romanchuk realleges and incorporates all the preceding paragraphs by reference.

32.     Mr. Romanchuk's age as described in this Complaint is covered within the meaning of New York State Human Rights Law, New York Executive Law §296.

33.     Defendant was aware of Mr. Romanchuk's date of birth and age.

34.     Defendant violated the New York State Human Rights Law when it terminated Mr. Romanchuk's employment in whole, or in part, because of his age.

35.     Mr. Romanchuk suffered damages as a result of the defendant's unlawful act,

5

including past and future lost wages and benefits.

## FOURTH CLAIM FOR DISABILITY DISCRIMINATION UNDER NYHRL

36.    Mr. Romanchuk realleges and incorporates all the preceding paragraphs by reference.

37.    Mr. Romanchuk's medical disability, as described in this Complaint, is covered within the meaning of New York State Human Rights Law, New York Executive Law §296.

38.    Defendant was aware of Mr. Romanchuk's medical disability.

39.    Defendant violated the New York State Human Rights Law when it terminated Mr. Romanchuk's employment in whole or in part because of his medical disability.

40.    Mr. Romanchuk suffered damages as a result of the defendant's unlawful act, including past and future lost wages and benefits.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that upon trial this Court enter judgment:

A.    Declaring that the actions and practices of defendant violated the NYSHRL, the New York Executive Law §290 et. seq., New York Labor Law §190 et. seq. and the FLSA, 29 U.S.C. §201 et. seq. and adjoining such violations;

B.    Directing defendant to make Mr. Romanchuk whole by providing him back pay, front pay and reimbursement for lost medical insurance and other employment-related benefits;

C.    Awarding Mr. Romanchuk reasonable attorney's fees, expert witness fees and costs as provided by the FLSA, NYSHRL, and the New York Labor Law; and

E.    Granting such additional relief as this Court deems just and proper.

6

## JURY DEMAND

Plaintiff demands a trial by jury on all claims properly triable by a jury.

Dated:   July 11, 2007
         White Plains, New York

                                        Respectfully submitted

                                        **WESTERMANN, HAMILTON, SHEEHY,
                                        AYDELOTT & KEENAN**

                                        _____
                                        THOMAS A. CULLEN, ESQ. (TAC-6904)
                                        Attorneys for Plaintiff
                                        222 Bloomingdale Road, Suite 305
                                        White Plains, New York  10605
                                        (914) 946-7770