Howard B. Cohen, Esq. (HC 5623)
The DeIorio Law Firm, LLP
800 Westchester Avenue, Suite S-608
Rye Brook, New York 10573
(914) 696 – 5555
*Attorneys for Defendant*
*AMX Cooling & Heating, LLP*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————X
MAX ROMANCHUK,                                                    Case No.: 07 CIV. 6343

                              Plaintiff,
    -against-                                                                  **ANSWER**

AMX COOLING & HEATING, LLP,

                              Defendant.
————————————————————X

       Defendant, AMX COOLING & HEATING, LLP (hereinafter "AMX"), as and for its Answer to the Complaint herein, by its attorneys, The DeIorio Law Firm, LLP, respectfully alleges as follows:

       1.     **Denies** the allegations contained in paragraphs marked and numbered "1" and "20".

       2.     **Denies** knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs marked and numbered "2", "3", "4", "5", "8", "10", "11", "12", "13", "14", "15", "16", "17", "18", and "19".

       3.     **Denies** knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph marked and numbered "6", except to **Admit** that Plaintiff performed services for Defendant prior to March 6, 2006.

       4.     **Admits** the allegations contained in paragraph marked and numbered "7", except the allegation that AMX "is an 'employer' as defined by the FLSA, NYSHRL,

1

and the New York Labor Law," and Defendant refers all questions of law to the Court concerning said allegation.

5.  **Denies** knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph marked and numbered "9", and refers all questions of law to the Court concerning said allegations.

## AS TO THE FIRST CLAIM FOR RELIEF
### (FEDERAL OVERTIME WAGES FLSA §207(a)(1))

6.  Defendant repeats and reasserts its answers to the allegations of Paragraphs "1" through "20" as if separately set forth herein.

7.  **Denies** the allegations contained in paragraphs marked and numbered "22", "24" and "25".

8.  **Denies** knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph marked and numbered "23", and refers all questions of law to the Court concerning said allegations.

## AS TO THE SECOND CLAIM FOR RELIEF
### (STATE OVERTIME WAGES NY LABOR LAW §50, et seq. AND 12 NYCCRR §137)

9.  Defendant repeats and reasserts its answers to the allegations of Paragraphs "1" through "25" as if separately set forth herein.

10. **Denies** knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs marked and numbered "27" and "28", and refers all questions of fact and law to the Court concerning said allegations.

11. **Denies** the allegations contained in paragraphs marked and numbered "29" and "30".

### AS TO THE THIRD CLAIM FOR RELIEF
### (AGE DISCRIMINATION UNDER NYHRL)

12. Defendant repeats and reasserts its answers to the allegations of Paragraphs "1" through "30" as if separately set forth herein.

13. **Denies** knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs marked and numbered "32" and "33".

14. **Denies** the allegations contained in paragraphs marked and numbered "34" and "35".

### AS TO THE FOURTH CLAIM FOR RELIEF
### (DISABILITY DISCRIMINATION UNDER NYHRL)

15. Defendant repeats and reasserts its answers to the allegations of Paragraphs "1" through "35" as if separately set forth herein.

16. **Denies** knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs marked and numbered "37" and "38", and refers all questions of law to the Court concerning said allegations.

17. **Denies** the allegations contained in paragraphs marked and numbered "39" and "40".

18. Deny each and every other allegation of the Complaint not herein before specifically ADMITTED, CONTROVERTED OR DENIED.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

19. A defense against the relief requested against the Defendant is founded upon documentary evidence.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

20. That the relief requested against the Defendant is barred by the Doctrine of Estoppel.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

21. That the relief requested against the Defendant is barred by the Doctrine of Waiver.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

22. That the relief requested against the Defendant is barred by the Doctrine of Laches.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

23. That Plaintiffs' Complaint fails to state a Cause of Action.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

24. Plaintiff's discrimination claims lack merit and must be dismissed because Plaintiff was not terminated, but instead, voluntarily severed his relationship with Defendant.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

25. Plaintiff's claims are barred by the applicable statute of limitations.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

26. Plaintiff performed services which were exempt from overtime.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

27. Plaintiff severed his relationship with Defendant, without regard to his age and alleged medical disability.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

28. Defendant granted Plaintiff's requests for a reasonable accommodation.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

29. Plaintiff failed to mitigate his damages.

### AS AND FOR A TWELTH AFFIRMATIVE DEFENSE

30. Plaintiff could no longer perform the required services and therefore, severed his relationship with Defendant.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

31. Plaintiff cannot make out a prima facie case of age discrimination because he acknowledged to Defendant that he was not sufficiently qualified to continue holding his position.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

32. Plaintiff cannot make out a prima facie case because Plaintiff's position was not filled after he voluntarily left his employment.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

33. Plaintiff cannot make out a prima facie case because of disability discrimination because Plaintiff did not have a disability as defined by the applicable statutes.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

34. Plaintiff cannot make out a prima facie case of disability discrimination because Plaintiff was not terminated but voluntarily severed his relationship with Defendant.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

35.  Plaintiff cannot make out a prima facie case of disability discrimination because Plaintiff acknowledged to Defendant that he could not perform the duties of the job in a reasonable manner.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

36.  Plaintiff has not set forth the requisite allegations to establish as a matter of law, that Defendant was an "employer" within the meaning of the applicable statutes, and Plaintiff was an "employee" of Defendant within the meaning of the applicable statutes.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

37.  Plaintiff has received all compensation to which he was entitled.

WHEREFORE, the Defendant, AMX COOLING & HEATING, LLP demands judgment as follows:

    A.    Dismissal of the Plaintiff's Complaint in its entirety, together with attorneys fees, costs, expenses and disbursements; and

    B.    For such other, further and different relief as this Court may deem just, proper and equitable.

Dated: Rye Brook, New York
        August 21, 2007

                      Yours, etc.,

                      THE DEIORIO LAW FIRM, LLP

                      By: _____
                      Howard B. Cohen, Esq. (HC 5623)
                      Attorneys for Defendant
                      800 Westchester Avenue, Suite 608-S
                      Rye Brook, New York 10573
                      (914) 696 – 5555

To:

    WESTERMANN, HAMILTON, SHEEHY,
    AYDELOTT & KEENAN
    Thomas A. Cullen, Esq.
    *Attorneys for Plaintiff*
    222 Bloomingdale Road, Suite 305
    White Plains, New York 10605

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

MAX ROMANCHUK,                                                    Case No.: 07 CIV. 6343

                                Plaintiff,

    -against-                                                              **AFFIDAVIT OF SERVICE**

AMX COOLING & HEATING, LLP,

                                Defendant.
_____X
STATE OF NEW YORK            )
                                     )ss.:
COUNTY OF WESTCHESTER  )

    ANNMARIE POPOVIC, being duly sworn, deposes and says:

    That deponent is not a party to the action, am over the age of eighteen (18) years of age and reside in Yonkers, New York. That on the 27th day of August, 2007, I served the within ANSWER, by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within this State, addressed to each of the following persons at the last known address set forth after each name:

TO:
    WESTERMANN, HAMILTON, SHEEHY,
    AYDELOTT & KEENAN
    Thomas A. Cullen, Esq.
    *Attorneys for Plaintiff*
    222 Bloomingdale Road, Suite 305
    White Plains, New York 10605

                                                            ANNMARIE POPOVIC

Sworn to before me this
27TH day of August, 2007.

_____
Notary Public

Natalie M. Spedaliere
Notary Public, State of New York
No. 01SP6104334
Qualified in Westchester County
Term Expires January 20 2008

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                    Docket No.: 07 civ. 6343

-----------------------------------------------------------------X
MAX ROMANCHUK,

                           **Plaintiff,**

-against-

AMX COOLING & HEATING, LLP,

                           **Defendant.**
-----------------------------------------------------------------X

## ANSWER

### THE
### DeIORIO LAW FIRM, LLP

*Attorneys for*
DEFENDANT.
800 Westchester Ave., Suite S-608
Rye Brook, New York 10573
(914) 696-5555
(914) 696-0450 FAX

### THE
### VINCENT A. DeIORIO LAW FIRM

*Attorneys for Plaintiffs*

800 Westchester Ave., Suite s-608
Rye Brook, New York 10573
(914) 696-5555
(914) 696-0450 FAX

upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.
Dated: ………………………….        Signature ……………………………………………………………
Print Signer's Name ………………………………………………………….